UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LARRY VAN DUSEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CAUSE NO. 3:10-cv-255 CAN |
| MEMORIAL HOSPITAL OF SOUTH BEND, INC., | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

On August 9, 2008, Plaintiff, Larry Van Dusen ("Van Dusen"), attacked and assaulted a fellow employee, grabbing him by the neck and pushing him against a wall. Usually such conduct results in the firing of the offending employee, and on August 14, 2008, Defendant, Memorial Hospital of South Bend, Inc. ("Memorial"), fired Van Dusen. Van Dusen now claims that his termination was motivated, not by his violent attack, but by racial discrimination. However, Van Dusen has failed to produce evidence upon which a jury could reasonably conclude that racial discrimination motivated his termination rather than his extreme misconduct. For that reason, the Court **GRANTS** Memorial's motion for summary judgment.

**I.  PROCEDURE**

On June 25, 2010, Van Dusen filed a complaint against Memorial in this Court alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e for racial discrimination and retaliation.

On August 1, 2011, Memorial filed a motion for summary judgment. On August 29, 2011, Van Dusen filed a response. On September 15, 2011, Memorial filed a reply. The Court

issues the following opinion pursuant to the consent of the parties and 28 U.S.C. § 636(c).

## II. FACTS

The following facts are primarily not in dispute. Where the facts are in dispute, this Court has determined that the disputes are either not material or has chosen to address such disputes in the Court's substantive analysis of the issues.

In August 2001, Van Dusen began working for Memorial as a security officer. Van Dusen's immediate supervisor was Charles Burnside. In 2003, Van Dusen made a complaint against Burnside for some racial comments he made in 2002. Despite whatever bias Burnside's comments may have revealed, Van Dusen was promoted in 2004 at Burnside's request. After being promoted, Van Dusen was permitted to carry a firearm. As an armed security officer Van Dusen was responsible for providing a safe environment for Memorial's patients, employees, and visitors.

Memorial has a strict policy against violence in the workplace that was in effect on August 9, 2008. It states, "Threats, harassment, aggressive or violent behavior by employees, physicians, patients, vendors, or visitors will not be tolerated by Memorial." Doc. No. 24-8 at 1. Memorial also issued standards of conduct which prohibited "[a]buse of, or mistreatment of, patients, employees or visitors" and "[f]ighting or provoking a fight on Memorial property." Doc. No. 24-9 at 1. Van Dusen was aware that Memorial had these policies in place in August 2008 and that violent behavior would not be tolerated. Doc. No. 24-1 at 19-20.

On August 9, 2008, Van Dusen had an argument with a coworker about an unlocked door in a security booth located at Memorial. *Id.* at 5-6. During his argument, Van Dusen left the security booth, then suddenly turned around and returned. *Id.* at 7. Van Dusen was angry and

grabbed his coworker by the neck and pushed him back four feet against a wall. *Id.* The coworker did not threaten or provoke Van Dusen's attack in any way. *Id.* at 10. Van Dusen has admitted all of this behavior. *Id.* at 26. He also admitted that his actions were wrong and violated Memorial's workplace violence policy. *Id.* at 28-29.

Following Van Dusen's assault, Memorial conducted an investigation of the matter. Initially, Memorial's security director expressed a desire to retain Van Dusen. Doc. 24-3 at 29. However, after a discussion with Memorial's labor relations manager, the security director changed his mind because of Memorial's strict policy against violence. *Id.* On August 14, 2008, Van Dusen was discharged. Doc. No. 24-11 at 1.

### III. ANALYSIS

#### A. Summary Judgment Standard

Summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Lawson v. CSX Transp., Inc.*, 245 F.3d 916, 922 (7th Cir. 2001). In determining whether a genuine issue of material fact exists, this Court must construe all facts in the light most favorable to the nonmoving party as well to draw all reasonable and justifiable inferences in favor of that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *King v. Preferred Technical Group*, 166 F.3d 887, 890 (7th Cir. 1999). To overcome a motion for summary judgment, the nonmoving party cannot rest on the mere allegations or denials contained in its pleadings. Rather, the nonmoving party must present sufficient evidence to show the existence of each element of its case on which it will bear the burden at trial. *Celotex*

*v. Catrett*, 477 U.S. 317, 322-23 (1986); *Robin v. Espo Eng'g Corp.*, 200 F.3d 1081, 1088 (7th Cir. 2000). Where a factual record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (*citing Bank of Ariz. v. Cities Servs. Co.*, 391 U.S. 253, 289 (1968)).

### B. Van Dusen's Title VII & Section 1981 Racial Discrimination Claims Fail

Van Dusen has made claims under Title VII and Section 1981, which are both governed under the same standard. *Bennett v. Roberts*, 295 F.3d 687, 697 (7th Cir. 2002) ("The same standards governing liability under Title VII apply to [Section] 1981 claims."); *see also Anders v. Waste Management of Wisconsin, Inc.*, 463 F.3d 670, 675 (7th Cir. 2006). Under Title VII, it is unlawful for an employer to ". . . discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment because of such individual's . . . race . . . ." 42 U.S.C. § 2000e-2(a)(1). To establish his claim of race discrimination under Title VII and Section 1981, Van Dusen may proceed under either the direct method or the indirect method. *Dandy v. UPS*, 388 F.3d 263, 272 (7th Cir. 2004).

#### 1. Direct Method

To establish discrimination by direct evidence, it "essentially requires an admission by the decision-maker that his actions were based on the prohibited animus." *Haywood v. Lucent Technologies, Inc.*, 323 F.3d 524, 529-30 (7th Cir. 2003). Direct evidence is "evidence which if believed . . . will prove the particular fact in question without reliance on inference or presumption." *Id.* (internal citations omitted). "Direct evidence can take two forms. The first is an outright admission by the decisionmaker that the challenged action was undertaken because

4

of the [employee's] race. The second consists of a convincing mosaic of circumstantial evidence . . . that points directly to a discriminatory reason for the employer's action." *Davis v. Con-Way Trans. Cent. Express, Inc.*, 368 F.3d 776, 783 (7th Cir. 2004).

Van Dusen attempts to prove his allegations of discrimination by weaving a mosaic of circumstantial evidence based on events that took place years before he assaulted a fellow employee. The events all center around Van Dusen's immediate supervisor, Burnside, an African-American. Burnside was disciplined on at least two occasions for making racist or sexist comments to different employees. *See* Doc. Nos. 26-7, 26-8, 26-12. For purposes of summary judgment, the Court views the evidence in the light most favorable to the non-moving party. As a result, the Court assumes for the purposes of summary judgment that Van Dusen's supervisor held a racial bias against Van Dusen as he claims.

Van Dusen's proof fails, however, because the evidence shows that Burnside was not involved in the decision to terminate Van Dusen. Burnside was on vacation during Van Dusen's assault and termination. Doc. No. 27-1 at 1-2. Burnside had no knowledge of the incident until after Van Dusen had been terminated. *Id.* Van Dusen does not contradict this and has no evidence that Burnside participated in the decision to terminate him; Van Dusen just assumes he had a role. *See* Doc. No. 25 at 7. The undisputed evidence shows that Memorial's security director made the decision to fire Van Dusen, and that Burnside played no part in his termination. Doc. 24-3 at 29. As a result, Van Dusen has failed to show any causal connection between Burnside's assumed racial bias and the decision to terminate him. As the Seventh Circuit has told us, summary judgment is the "put up or shut up" stage of litigation. *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005). In other words, Van Dusen must

produce affirmative evidence upon which a jury could reasonably rely, he cannot simply rely on conjectures and speculation. He has failed to do so. Therefore, he fails under the direct method.

### 2. Indirect Method

Van Dusen may also attempt to prove unlawful race discrimination under the *McDonnell Douglas* framework. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Warren v. Solo Cup Co.*, 516 F.3d 627, 630 (7th Cir. 2008). To establish a *prima facie* case of discrimination by the indirect method, an employee must show that (1) he was a member of a protected class, (2) he was meeting the employer's legitimate expectations, (3) he suffered an adverse employment action, and (4) the employer treated a similarly situated employee not in the protected class more favorably. *Cullen v. Indiana Univ. Bd. of Trustees*, 338 F.3d 693, 704 (7th Cir. 2003). Once the employee establishes a *prima facie* case of discrimination, the burden then shifts to the employer to articulate a legitimate, non-discriminatory reason for the adverse employment action. *Atanus v. Perry*, 520 F.3d 662, 672 (7th Cir. 2008). After the employer satisfies its burden of production, the employee must prove that the employer's stated reasons are pretextual. *Id.*

In this case, Van Dusen has failed to show that he was meeting Memorial's legitimate expectations. He admits that he assaulted a coworker in violation of Memorial's workplace violence policy. *See* Doc. No. 24-1 at 28-29. Because Van Dusen failed to show that he was meeting Memorial's legitimate expectations, he has failed to establish a *prima facie* case of discrimination under the indirect method.

Even if Van Dusen could establish a *prima facie* case, he cannot show that Memorial's stated reason for his discharge is pretextual. He only offers his unsupported theory of a

supervisor lying in wait for five years to exact revenge on Van Dusen, even after this supervisor requested that he be promoted. His theory, however, does not satisfy his burden. He has offered no evidence upon which a jury could reasonably find that he was fired for comments he made about his supervisor five years earlier, instead of being fired for assaulting a coworker only five days before his termination. Furthermore, he has offered no evidence that his supervisor was even involved in the decision. As a result, the Court finds that his claim has failed under the indirect method as well.

### C. Van Dusen's Title VII Retaliation Claim Fails

Title VII prohibits an employer's retaliation against his employee because she " . . . has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing . . . ." 42 U.S.C. § 2000e-3(a). Section 1981 also encompasses retaliation claims. *Stephens v. Erickson*, 569 F.3d 779, 786 (7th Cir. 2009). In analyzing a retaliation claim under Section 1981, a court applies the same standard used to evaluate a claim for retaliation under Title VII. *Id.* In order to establish a claim of retaliation whether under Title VII or Section 1981, a plaintiff may proceed under either the direct method or the indirect method.

#### 1. Van Dusen's retaliation claim fails under the direct method.

Under the direct method, the plaintiff must present direct evidence of (1) statutorily protected activity; (2) an adverse action taken by the employer; and (3) a causal connection between the two. *Sitar v. Ind. Dept. of Trans.*, 344 F.3d 720, 728 (7th Cir. 2003). Direct evidence is "evidence which if believed . . . will prove the particular fact in question without reliance on inference or presumption." *Haywood v. Lucent Technologies, Inc.*, 323 F.3d 524, 529-30 (7th Cir. 2003) (internal citations omitted). Van Dusen argues that the complaint he made in 2003

against his supervisor is the statutorily protected activity, and that his termination is an adverse employment action. For purposes of summary judgment, the Court will assume that Van Dusen engaged in statutorily protected activity in 2003. The only factor that remains for analysis is whether there is a causal connection between Van Dusen's 2003 complaint and his termination five years later.

Van Dusen has failed to demonstrate a genuine issue of material fact as to a causal connection between his 2003 complaint and his eventual termination because there is no evidence tying the two events together. "A causal link between the protected expression and an adverse employment action may be established by showing that the protected conduct was a substantial or motivating factor in the employer's decision." *Batchelor*, 651 F. Supp. 2d at 837 (quoting *Culver v. Gorman & Co.*, 416 F.3d 540, 545 (7th Cir. 2005). "[F]or there to be a telling temporal sequence, the employer's adverse action should follow fairly soon after the employee's protected expression." *Horwitz v. Bd. of Educ.*, 260 F.3d 602, 613 (7th Cir. 2001). "[T]iming may offer a clue to causation (or its absence) when an employee charges retaliation: a short gap may suggest a causal link, while a long one undercuts an inference of causation." *McGuire v. City of Springfield*, 280 F.3d 794, 796 (7th Cir. 2002).

Van Dusen's complained against his supervisor in 2003. He was terminated in 2008. The five year gap is so long that it undercuts an inference of causation. Van Dusen can offer no other evidence of statutorily protected activity that occurred closer to the date of his termination. In addition, the supervisor, who Van Dusen claims retaliated against him, was on vacation during both Van Dusen's assault and his termination and had no input into the investigation. These facts are undisputed. Van Dusen's retaliation theory is simply unsupported by the evidence on record.

On the other hand, Van Dusen's assault of a coworker occurred only six days before he was terminated. Memorial has shown that after an investigation and discussion with its personnel manager, it decided to terminate Van Dusen because he violated its workplace violence policy. Because he cannot show a causal connection, Van Dusen's claim under the direct method fails.

### 2. Van Dusen's retaliation claim fails under the indirect method.

Under *McDonnell Douglas*, the plaintiff must first show a *prima facie* case of retaliation. *Smart v. Ball State Univ.*, 89 F.3d 437, 439 (7th Cir. 1996). In order to establish a *prima facie* case of retaliation, the plaintiff must show that (1) he engaged in statutorily protected activity; (2) he performed his job according to his employer's legitimate expectations; (3) despite his satisfactory job performance, he suffered an adverse employment action; and (4) he was treated less favorably than similarly situated employees who did not complain. *Sitar v. Ind. Dept. of Trans.*, 344 F.3d 720, 728 (7th Cir. 2003). The burden then shifts to the employer to provide non-retaliatory reasons for its actions. *Smart*, 89 F.3d at 439. Once the employer has offered neutral reasons for its actions, the burden shifts back to the plaintiff to show that the employer's stated reason is mere pretext. *Id.*

As discussed previously, Van Dusen cannot show that he met Memorial's legitimate expectations because he assaulted a coworker in violation of Memorial's workplace violence policy. As a result, Van Dusen's retaliation claim fails under the indirect method, as well.

## IV. CONCLUSION

Because Van Dusen has produced no evidence upon which a jury could reasonably conclude that his termination was the result of racial discrimination, the Court is left with the undisputed facts that Van Dusen physically assaulted a coworker, an offense that would justify

9

his termination. Van Dusen's arguments and contentions to the contrary are not evidence and are insufficient as a matter of law to overcome Memorial's motion for summary judgment. As a result, the Court now **GRANTS** Memorial's motion for summary judgment. [Doc. No. 23]. The clerk is instructed to enter judgment for Memorial on all claims.

**SO ORDERED.**

Dated this 9th day of November, 2011.

S/Christopher A. Nuechterlein
Christopher A. Nuechterlein
United States Magistrate Judge
